UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JAMES KEVIN LINDAMOOD,

        **Plaintiff,**

v.

SUZANNE JORDAN, et al.,

        **Defendants.**

Case No. 24-CV-046-RAW-JAR

**OPINION AND ORDER**

Plaintiff James Kevin Lindamood ("Plaintiff"), appearing pro se and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983.  Dkt. No. 13. Defendants Suzanne Jordan and Terry Park ("Defendants") have jointly moved to dismiss Plaintiff's Second Amended Complaint.  Dkt. No. 26.  Plaintiff did not file a timely response to the motion.  For the reasons discussed here, the Court finds Defendants' motion should be granted in part and denied in part.

### I.    Background

Plaintiff alleges he receive inadequate medical care while housed as a pretrial detainee at the Choctaw County Jail, in Hugo, Oklahoma.  Dkt. No. 13, at 2, 5-6.  Plaintiff brings his claims against Choctaw County Jail Administrator Suzanne Jordan and Choctaw County Sheriff Terry Park ("Defendants"), in their individual and official capacities, and seeks compensatory damages. *Id.* at 3, 7.  Defendants now seek dismissal under Rules 12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief may be granted.  Dkt. No. 26.

### II.    Defendants' Rule 12(b)(6) Challenge

Defendants argue that Plaintiff has failed to state a plausible claim for relief against them

and dismissal therefore is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 26, at 5-12. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The litigant must plead factual content that "allows the court to draw the reasonable inference" of the defendant's liability. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

In assessing a motion to dismiss brought under Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555-56. However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While the Court construes a pro se litigant's pleadings liberally, this liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1174-75 (10th Cir. 1997).

In his Second Amended Complaint, Plaintiff alleges:

I was prescribed blood pressure medication at the Hugo Clinic and Suzanne Jordan decided of her own free will not to pick up and dispen[s]e said medication[.] Blood pressure medication is very important! Negligence.
. . . .

> After not receiving prescribed medication, I had a stroke that caused blindness in left eye, after telling jail staff over & over about my eye and extreme headaches, dizziness and pain in my left temporal region, on Dec. 12th 2023 was finally taken to Eye doctor! (Negligence)
>
> . . . .
>
> From the time of the stroke on Nov. 19[,] I watched my eye go from 30% blind to 85% blind having headaches so bad I was vomiting from the pain[,] writing request after request for medical att[ention] and rec[ei]ving none. Suzanne Jordan ignored me! Negligence!
>
> . . . .
>
> Terry Park, failure to train jail staff to handle medication and proper medical procedures. Also tribal inmates got better care and more attention than state inmates[;] they could be trustee's and we couldn't[.] Tribal paid more money per bed than the state does, from his own mouth!

Dkt. No. 13, at 5-6. Plaintiff contends Defendants' actions constitute deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments. *Id.* 5-6.

### a. Individual-Capacity Claims

Pretrial detainees are protected under the Fourteenth Amendment against deliberate indifference to their serious medical needs. *See Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). In evaluating such claims, courts "apply an analysis identical to that applied in Eighth Amendment cases." *Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019). To state a cognizable claim, a plaintiff must allege both an objective component and a subjective component. *Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018). To satisfy the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the subjective component, a plaintiff must establish that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (alteration omitted) (quoting *Farmer*, 511 U.S. at 837).

>           i. *Defendant Suzanne Jordan*

Defendant Jordan contends that Plaintiff "merely alleges that [she] was negligent with regard to the allege[d] denial of medical care," and that "negligence—even gross negligence—is insufficient to support a claim of deliberate indifference under § 1983." Dkt. No. 26, at 9 (citing *Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990)). Defendant Jordan is correct that the "negligent failure to provide adequate medical care . . . does not give rise to a constitutional violation." *Self*, 439 F.3d at 1233 (internal quotation marks omitted). Yet, Plaintiff does not predicate his deliberate-indifference claims solely on allegations of negligence.[1] Plaintiff contends Defendant Jordan's conduct rose to the level of a constitutional violation. Construing Plaintiff's allegations liberally and in the light most favorable to him, the Court finds Plaintiff has stated two plausible claims for relief against Defendant Jordan for deliberate indifference to a serious medical need.

First, because Plaintiff was taking prescription medication for his blood pressure, the Court can reasonably infer that Plaintiff's blood pressure constitutes a sufficiently serious medical need. Dkt. No. 13, at 5; *see Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) ("A medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment . . . .'" (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). As to the subjective component, Plaintiff has alleged that Defendant Jordan failed to pick up and dispense Plaintiff's prescription blood-pressure medication and that she did so intentionally. Dkt. No. 13, at 5. Liberally construed, the allegation is sufficient to permit an inference of deliberate indifference.

---

[1] Plaintiff's references to "negligence" appear in the context of alleged facts supporting his § 1983 claims, and Plaintiff specifically cites the Eighth and Fourteenth Amendments as the legal bases for his claims. The Court therefore does not construe Plaintiff's Second Amended Complaint as raising a separate state-law negligence claim. *See Whitney*, 113 F.3d at 1174-75.

It is reasonable to infer that Defendant Jordan was aware that the deprivation of prescription blood-pressure medication would create a substantial risk to Plaintiff's health, and Plaintiff has plausibly alleged that she intentionally deprived Plaintiff of the medication despite her awareness of the risk. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (explaining that "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed" may constitute deliberate indifference); *Mata*, 427 F.3d at 752 ("[I]f a risk is obvious so that a reasonable man would realize it, we might well infer that the defendant did in fact realize it." (alteration and internal quotation marks omitted)).

Second, Plaintiff alleges that, following his stroke, he went "from 30% blind to 85% blind" in less than a month and experienced dizziness and headaches so painful they induced vomiting. Dkt. No. 13, at 6. "A medical need is sufficiently serious 'if it is . . . one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Sealock*, 218 F.3d at 1209 (quoting *Hunt*, 199 F.3d at 1224). Sufficiently serious harm may include "lifelong handicap, permanent loss, or considerable pain." *McCowan v. Morales*, 945 F.3d 1276, 1291 (10th Cir. 2019) (internal quotation marks omitted). The Court finds that Plaintiff's allegations are sufficient to satisfy this objective standard. *See Estes v. Fortunato*, No. 10-cv-01478-REB-CBS, 2011 WL 4369124, at *8 (D. Colo. Aug. 9, 2011) (finding allegation of vision loss sufficient to satisfy objective component of Eighth Amendment claim); *Harris v. Morales*, 231 F. App'x 773, 775 n.1 (10th Cir. 2007) (collecting cases with Eighth Amendment claims involving eye injuries).[2]

Plaintiff then alleges that he wrote "request after request for medical [attention]" in relation to his vision loss and severe headaches but that Defendant Jordan "ignored" him. Dkt. No. 13, at

---

[2] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

6. Construing this allegation liberally and in the light most favorable to Plaintiff, the Court can reasonably infer that Plaintiff submitted requests for medical attention to Defendant Jordan regarding his severe headaches and rapidly declining vision, that Jordan therefore was aware of a substantial risk to Plaintiff's health, and that, despite this knowledge, Jordan disregarded Plaintiff's requests for medical assistance. Plaintiff, therefore, has plausibly alleged Defendant Jordan acted with deliberate indifference. *See Mata*, 427 F.3d at 752 ("An inmate 'need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act *despite his knowledge of* a *substantial risk* of serious harm.'" (quoting *Farmer*, 511 U.S. at 842)); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) ("Deliberate indifference to serious medical needs is shown when . . . an inmate is denied access to medical personnel capable of evaluating the need for treatment.").

Accordingly, the Court rejects Defendant Jordan's arguments that Plaintiff failed to state plausible individual-capacity claims against her. The issue remains, however, of Defendant Jordan's assertion that she is entitled to qualified immunity as to those claims. Dkt. No. 26, at 12-13. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights or which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant raises the defense of qualified immunity, "the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted).

"[T]o trigger the plaintiff's two-part burden," however, the qualified-immunity defense

must be "adequately present[ed]." *Berryman v. Niceta*, 143 F.4th 1134, 1140 (10th Cir. 2025). In

*Berryman*, the Tenth Circuit Court of Appeals recently explained:

> [T]o adequately present the defense, the defendant must not only explicitly raise it,
> *see Montoya v. Vigil*, 898 F.3d 1056, 1063–64 (10th Cir. 2018), but must also plead
> the defense beyond a "perfunctory assertion," *Tillmon* [*v. Douglas Cnty.*], 817 F.
> App'x [586,] 590 [(10th Cir. 2020)]. Accordingly, where a defendant makes only
> a bare assertion of qualified immunity, the plaintiff bears no burden to satisfy the
> ordinary two-prong test. *See id.*; *A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569,
> 575 (10th Cir. 2021) (unpublished) (holding that a defendant's "qualified-immunity
> argument was underdeveloped" where it "contain[ed] mostly general legal
> statements and empty platitudes").
>
> Finally, in raising a qualified-immunity defense, a defendant may not merely rely
> on substantive legal arguments based on the Rule 12(b)(6) failure-to-state-a-claim
> standard. *Tillmon*, 817 F. App'x at 590; *Montoya*, 898 F.3d at 1064–65 (holding
> that a "failure-to-state-a-claim argument, without more, is insufficient to raise
> qualified immunity" because "a claim of immunity is conceptually distinct from the
> merits of the plaintiff's claim" (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 527–28,
> 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985))).

*Id.* at 1140-41. The Tenth Circuit found that "merely recit[ing] the qualified immunity legal

standard" and stating "in a single sentence, without citation to any legal authority" that "no clearly

established law demonstrates [the alleged] facts give rise to personal liability" was insufficient to

adequately raise the defense. *Id.* at 1141 (internal quotation marks omitted). The Court further

explained that "[a] defendant cannot simply point to 12(b)(6) arguments, without more, in support

of a qualified-immunity defense." *Id.*

Here, Defendants recite the legal standard for the qualified immunity defense but provide

no argument beyond pointing to their previous arguments for dismissal under Rule 12(b)(6). *See*

Dkt. No. 26, at 12-13 ("[A]s discussed above, Plaintiff has failed to state a plausible § 1983 claim

against the Defendants in their individual capacities. Accordingly, Defendants are entitled to

qualified immunity with regard to Plaintiff's claims and they should be dismissed."). Under

*Berryman*, this "perfunctory assertion of qualified immunity . . . is insufficient" to adequately raise

the defense. *Berryman*, 143 F.4th at 1142; *see Tillmon*, 817 F. App'x at 589 (finding defendant had not preserved qualified-immunity defense for appellate review where motion to dismiss included only Rule 12(b)(6) arguments and "a single paragraph briefly discussing the law of qualified immunity").

### ii. *Defendant Terry Park*

Plaintiff claims Defendant Park "fail[ed] to train jail staff to handle medication and proper medical procedures." Dkt. No. 13, at 6. He further alleges, "tribal inmates got better care and more attention than state inmates, they could be trustees and we couldn't, tribal paid more money per bed than the state does, from his own mouth!" *Id.* The Court finds these allegations insufficient to support a plausible claim for relief against Defendant Park for deliberate indifference to Plaintiff's health.

Where, as here, a § 1983 claim is based on a defendant's supervisory responsibilities, the plaintiff must establish three elements: "(1) personal involvement, (2) causation, and (3) state of mind." *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013); *see Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) ("Section 1983 does not authorize liability under a theory or respondeat superior."). Plaintiff's bare assertion that Defendant Park "fail[ed] to train jail staff to handle medication and proper medical procedures" is too conclusory to support a claim for relief. Dkt. No. 13, at 6. The allegation provides no context plausibly demonstrating Defendant Park's personal involvement or a causal connection between Defendant Park's actions and Plaintiff's alleged injuries. Nor can the Court infer that Defendant Park acted with deliberate indifference to an almost inevitable constitutional injury of the type Plaintiff contends he experienced. *See Schneider*, 717 F.3d at 769-70; *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."); *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Accordingly, Plaintiff has failed to state a plausible claim for relief against Defendant Park in his individual capacity.

### b. *Official-Capacity Claims*

Plaintiff additionally sues Defendants Jordan and Park in their official capacities.  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Thus, a section 1983 suit "against a municipality and a suit against a municipal official acting in his or her official capacity are the same." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998) (internal quotation marks omitted).  To establish municipal liability under § 1983, a plaintiff must show: "1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).  Further, the plaintiff must demonstrate that the policy "was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider*, 717 F.3d at 769.  A municipal policy of custom may take the form of:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (internal quotation marks omitted).

As noted, Plaintiff's assertion that Defendant Park "fail[ed] to train jail staff to handle medication and proper medical procedures" is conclusory, and Plaintiff offers no facts to support an inference that the alleged failure to provide adequate training was the result of deliberate indifference. Dkt. No. 13, at 6; *see Schneider*, 717 F.3d at 770. Plaintiff similarly does not provide sufficient details regarding his allegation that tribal inmates received "better care" than non-tribal inmates to plausibly suggest an official policy or custom enacted or maintained with deliberate indifference or a direct causal link to his alleged injuries. Accordingly, Plaintiff has not plausibly alleged an official-capacity claim against Defendant Jordan or Defendant Park.

## III.    Defendant Jordan's Rule 12(b)(2) and Rule 12(b)(5) Challenge

Defendants additionally seek dismissal under Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure for insufficient service of process and resulting lack of personal jurisdiction. Dkt. No. 26, at 3-5. Because the Court has found dismissal appropriate under Rule 12(b)(6) as to Plaintiff's claims against Defendant Park and Plaintiff's official-capacity claims against Defendant Jordan, the Court considers this argument only as to Plaintiff's individual-capacity claim against Defendant Jordan.

Under Federal Rule of Civil Procedure 4(e), an individual defendant may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Under Oklahoma law, service by personal delivery upon an individual must

be accomplished

> by delivering a copy of the summons and of the petition personally or by leaving copies thereof at the person's dwelling house or usual place of abode with some person then residing therein who is fifteen (15) years of age or older or by delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process, or by delivering a copy of the summons and of the petition personally or by leaving copies thereof at an agreed meeting place with some person then residing at the person's dwelling house or usual place of abode.

Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

Because Plaintiff is proceeding *in forma pauperis* in this matter, service was attempted by

United States Marshal.[3]  Fed. R. Civ. P. 4(c)(3); *see* Dkt. Nos. 16, 20.  The record indicates the

U.S. Marshal personally delivered the summons to the office manager of the Choctaw County

Sheriff's Office, Shawntae Spillman.  Dkt. No. 20, at 1.  The Proof of Service further indicates

that Ms. Spillman "is designated by law to accept service of process on behalf of [the] Choctaw

County Sheriff."  *Id.* at 3.  Defendant Jordan argues that this service attempt was deficient in that

Ms. Spillman is "not authorized by law to accept service on [her] behalf."  Dkt. No. 26, at 4.

Plaintiff has offered no response to Defendant Jordan's argument, and the Court agrees that the

Proof of Service provides no indication Ms. Spillman was authorized to accept service for

Defendant Jordan in her individual capacity.

Accordingly, the Court finds service by U.S. Marshal did not comport with Rule 4(e)(2),

nor did it substantially comply with the statutory requirements of § 2004(C)(1)(c)(1).  *See Hukill*

---

[3] The record reflects that Plaintiff first attempted service of process upon Defendant Jordan by certified mail.  Dkt. No. 14; *see* Okla. Stat. tit. 12, § 2004(C)(2)(b) (providing that service by mail upon an individual must be accomplished "by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee").  Defendants do not address this service attempt, and the Court declines to analyze its sufficiency sua sponte.

*v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 800 (10th Cir. 2008) (noting that, "applying the substantial compliance rule, and despite the defendant's failure to deny that he had received actual notice, the Oklahoma Supreme Court nonetheless [has] held" that service is "invalid based upon the statutory requirements for service by personal delivery, where the process server served 'an employee, not the defendant, at that defendant's place of employment'" (citations omitted) (quoting *Graff v. Kelly*, 814 P.2d 489, 490 (Okla. 1991))).

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The Tenth Circuit has recognized "that good cause exists to excuse a plaintiff's failure to serve where the plaintiff is proceeding in forma pauperis and is therefore entitled to rely on service by the U.S. Marshal," at least where the plaintiff provided accurate information and "there is no evidence in the record that [the plaintiff] failed to cooperate with the U.S. Marshals or [was] otherwise not entitled to their service." *Olsen v. Mapes*, 333 F.3d 1199, 1204-05 (10th Cir. 2003); *cf. Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1479-80 (10th Cir. 1988) (concluding the Marshal's Service was not culpable for failure to effect service where the plaintiff had named the wrong defendant).

Defendant Jordan provides no argument suggesting Plaintiff was at fault for the defective service. Under these circumstances, the Court concludes Plaintiff is entitled to another service attempt by U.S. Marshal. *See Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.").

12

## IV.    Conclusion

IT IS THEREFORE ORDERED that

(1) Defendants' Motion to Dismiss [Dkt. No. 26] is **granted in part** and **denied in part**. Plaintiff's claims against Defendant Park in his individual and official capacities and Plaintiff's claims against Defendant Jordan in her official capacity are **dismissed without prejudice** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

(2) Service of process upon Defendant Jordan by U.S. Marshal [Dkt. No. 20] is **quashed.**

(3) The Clerk of Court is **directed** to mail Plaintiff a USM-285 form to complete for service of process by U.S. Marshal upon Defendant Jordan.  If Plaintiff specifies Defendant Jordan's place of employment as the service address, Plaintiff may request in the "Special Instructions" portion of the form that process be served only upon Suzanne Jordan personally, rather than left with another individual.  Plaintiff shall return the completed USM-285 form to the Court within fifteen (15) days.  Plaintiff's deadline to effect service on Defendant Jordan is hereby extended to forty-five (45) days from the date of this Order.

IT IS SO ORDERED this 24th  day of September, 2025.

_____

HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

13